# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN J. ROBINSON | § | |
| | § | Civil Action No. 4:18-CV-66 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| STATE OF TEXAS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Notice of Judicial Conflicts of Interest and Motion for Mandatory Recusal and Affidavit of Brian J. Robinson Regarding Manifest Judicial Conflicts of Interest ("Motion to Recuse") (Dkt. #24). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Recuse (Dkt. #24) should be denied.

Plaintiff filed the instant Motion to Recuse on March 6, 2018, seeking to recuse the undersigned under 28 U.S.C. § 455 (*see* Dkt. #24). Construing the Motion to Recuse liberally, *pro se* Plaintiff alleges, as the basis for recusal, that the undersigned "criminally perpetrat[ed], aid[ed] and abet[ted] the very same routine patterns, practices and patterns of the same wholly unconstitutional actions complained of and constitutionally challenged within this case, as a former state judge of the State of Texas" (Dkt. #24-1 at p. 2), and as a result, "has remarkably manifest biases and prejudices concerning all matters herein, including as to either allowing or denying the proper and lawful outcome of this case" (Dkt. #24 at p. 2). Aside from these statements, the remainder of Plaintiff's Motion to Recuse merely makes allegations against the broader judicial community involved in child custody proceedings (of which he includes the undersigned) and its various ethical shortcomings in the context of child custody proceedings, including:

> judicial officers of the Texas Supreme Court and of each of the Texas Courts of Appeal have been and still are continuing to purposefully feign ignorance to these very basic fundamental rights, and the purpose of that willful, knowing and intentional neglect to prevent such massive and daily constitutional violations being perpetrated by their various fellows within the legal industry is precisely to aid, abet, conceal and cover-up the very same wanton crimes and pervasive racketeering, gross ethical misconduct, and other wrongdoing by their same legal industry fellows because it is very lucrative to steal from literally every citizen

(Dkt. #24-1 at p. 2).

Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to

mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the. . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id*.; *see also United States v. Bremers*, 195 F.3d 221, 226–27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration). Fortuitous timing of a recusal motion—immediately following an unfavorable ruling, for example—warrants closer consideration of the movant's intent in seeking recusal. *See United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998) ("The most egregious delay—the closest thing to per se untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal.").

    In the instant case, and as noted *supra*, Plaintiff asserts recusal is appropriate because the undersigned is a former "justice on the Court of Appeals for the Fifth District of Texas at Dallas" (Dkt. #24-1 at p. 1). Plaintiff's Motion fails to detail any specific instances or actions meriting recusal of the undersigned other than the undersigned's general status as a former state appellate judge; instead his Motion consists of broad, sweeping accusations concerning the entire judicial community presiding over family law cases. Furthermore, none of Plaintiff's accusations are supported by any authority or fact (that involves any specific involvement of the undersigned).

Broadly construed, the entirety of Plaintiff's unfounded accusations relate to the undersigned's potential rulings as a state appellate judge. Such actions cannot form the basis of a motion to recuse in the instant case. *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). "[T]rial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 545, 555 (1994) (emphasis in original) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). A judge's rulings instead "are proper grounds for appeal, not for recusal." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. (noting also that this applies to opinions manifested as "judicial remarks"). The Court finds no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Notice of Judicial Conflicts of Interest and Motion for Mandatory Recusal and Affidavit of Brian J. Robinson Regarding Manifest Judicial Conflicts of Interest (Dkt. #24) is hereby **DENIED**.

**IT IS SO ORDERED**.
 **SIGNED this 9th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE