# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN J. ROBINSON | § |
| | § Civil Action No. 4:18-CV-66 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| STATE OF TEXAS, ET AL. | § |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 6, 2018, the report of the Magistrate Judge (Dkt. #25) was entered containing proposed findings of fact and recommendations that District Attorney Greg Willis's Motion to Remand (Dkt. #17) be granted and the Court remand Bryan J. Robinson's ("Robinson") criminal action, styled *State of Texas v. Brian J. Robinson*, Cause No. 380-80427-2016, to the 380th Judicial District Court, Collin County, Texas. Further, the Magistrate Judge recommended that the Court *sua sponte* remand Robinson's underlying divorce proceeding to the 211th Judicial District Court, Denton County, Texas. Having received the report and recommendation of the Magistrate Judge, having considered Robinson's timely filed objections (Dkt. #28), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the report as the findings and conclusion of the Court.

**RELEVANT BACKGROUND**

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to the filed objections.

Okturia Bigge, Brian J. Robinson's former spouse, filed a divorce-with-children action in the 211th Judicial District Court, Denton County, Texas, on June 5, 2012 (Dkt. #2-1). A Final Decree of Divorce was entered on August 30, 2012, wherein the 211th Judicial District Court ordered Robinson to pay child support. Robinson was subsequently indicted for Criminal Nonsupport in the 380th Judicial District Court in Collin County on February 11, 2016 (Dkt. #2-2). And on January 5, 2018, Robinson pleaded guilty and received deferred adjudication (Dkt. #2-3).

On January 25, 2018, Robinson filed a "Notice of Petition; and, Verified Petition for Warrant of Removal" ("Notice of Removal") (Dkt. #1),[1] purporting to remove both the underlying divorce action and criminal prosecution to the Eastern District of Texas, Sherman Division, under "28 USC §§ 1443 and 1446(b) [constitutional challenge to state statutes under special civil rights removal], as well as 28 USC §§ 1331, 1343 and 1367" (Dkt. #1 at p. 1). Also on January 25, 2018, he gave notice of this "removal" to the 380th Judicial District Court, Collin County, Texas (Dkt. #17-1).

On March 6, 2018, the Magistrate Judge entered a report and recommendation (Dkt. #25), recommending that District Attorney Greg Willis's Motion to Remand (Dkt. #17) be granted and the Court remand Robinson's criminal action, styled *State of Texas v. Brian J. Robinson*, Cause No. 380-80427-2016, to the 380th Judicial District Court, Collin County, Texas. The Magistrate Judge further recommended that the Court *sua sponte* remand Robinson's divorce proceeding to the 211th Judicial District Court, Denton County, Texas. On March 23, 2018,

---

[1] Although Robinson refers to himself as "petitioner," the Court finds, as the Magistrate Judge did, that Robinson seeks to remove both his criminal prosecution and divorce proceedings under 28 U.S.C. § 1443 (Dkt. #1 at p. 4) ("This is a removal under 28 U.S.C. § 1443").

Robinson filed his "Objections to Report and Recommendations; and Demand for Full Investigations into Willful and Knowing Derelictions of Duties" (Dkt. #28).

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Robinson lodges multiple complaints against the report. Namely, Robinson objects that the report: (1) "is <u>NOT</u> amongst the available types of dispositive actions that federal magistrate judges may ever address without consent of the parties" (Dkt. #28 at p. 3) (emphasis in original); (2) is "meritless" because no valid motion to remand is pending before the Court (Dkt. #28 at p. 2); (3) incorrectly analyzes § 1443's inapplicability to the removal of his state court criminal prosecution and divorce proceedings (Dkt. #28 at pp. 4–5); and (4) erroneously recommends remand in light of his claims under 15 U.S.C. § 1673, the Consumer Credit Protection Act ("CCPA"), and the False Claims Act (Dkt. #28 at p. 8).

*Referral to Magistrate Judge*

The Court first considers Robinson's argument that the report and recommendation "is <u>NOT</u> amongst the available types of dispositive actions that federal magistrate judges may ever address without consent of the parties" (Dkt. #28 at p. 3) (emphasis in original). "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and "may also designate a magistrate judge to. . .submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)–(B). Additionally, the Eastern District of Texas's Local Rules also provide district

judges wide latitude in referring matters and motions for a magistrate judge's review. E.D. Tex. Local Civil Rule 72(d). Upon referral, a magistrate judge may recommend disposition of a motion to remand to the district judge; the district judge then conducts a de novo review of those portions of the recommendation to which parties raise specific, timely objection. 28 U.S.C. § 636(b)(1)(C). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge to consider a motion to remand. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016) ("motions to remand [are] dispositive matters on which magistrate judges may enter recommendations").

On January 25, 2018, the District Judge referred this case to the Magistrate Judge for pretrial proceedings (Dkt. #3-1). On March 6, 2018, the Magistrate Judge recommended that the pending Motion to Remand be granted and that both Robinson's criminal prosecution and divorce proceedings be remanded to state court (Dkt. #25). The Magistrate Judge acted within the bounds of statutory authority in making such recommendation. Robinson's objection is overruled.

***Court's Obligation to Consider Subject Matter Jurisdiction***

Robinson next argues that the Magistrate Judge's recommendation to remand both his criminal prosecution pursuant to the Motion to Remand and to *sua sponte* remand his divorce proceedings without any corresponding motion to remand is "meritless" (Dkt. #28 at p. 2). Specifically, Robinson asserts that:

> Without any (valid) motion to remand yet even upon the table, since [DA Willis's counsel] has never filed, nor served, any sort of <u>written</u> appearance, whatsoever, not to even mention the entire fiasco of his clearly fraudulent and clearly criminal representation of non-party DA Willis, hence he has zero authority within this particular case, there was therefore nothing for the Magistrate [Judge] to report upon yet.

(Dkt. #28 at p. 2) (emphasis in original).

4

In recommending remand of the divorce proceeding *sua sponte*, the Report and Recommendation expressly noted that "[a]lthough no motion to remand the divorce proceedings has been filed, the Court 'has an affirmative duty to raise [] issues regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived'" (Dkt. #25 at pp. 5–6) (quoting *Parks v. Champion*, No. 9:15-CV-00115-MHS, 2016 WL 3287653, at *2 (E.D. Tex. Mar. 21, 2016), *report and recommendation adopted,* No. 9:15-CV-00115-MHS, 2016 WL 3188825 (E.D. Tex. June 7, 2016)). Indeed, contrary to Robinson's contention that there was nothing for the Magistrate Judge to report on yet, "federal courts have a duty to consider their subject matter jurisdiction [on their own]." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005).

Similarly, in considering Robinson's argument that DA Willis is a "non-party" to this action, and thus, was unable to seek remand of his criminal prosecution, the Report and Recommendation found that:

> DA Willis is listed as the State of Texas's counsel of record in the criminal proceeding, and therefore is a proper party to seek remand of the criminal action. Even so, Robinson's argument that DA Willis, as a non-party, cannot move for remand does not impact the Court's recommendation herein [Dkts. 18; 22]. The Court has an affirmative duty to consider whether it has subject matter jurisdiction over both Robinson's divorce and criminal proceedings regardless of whether any party or non-party moves to remand. *United States v. Hays*, 515 U.S. 737 (1995) (The Court is "under an independent obligation to examine [its] own jurisdiction."); *see also Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("The parties can never consent to federal subject matter jurisdiction, and lack of jurisdiction is a defense which cannot be waived.").

(Dkt. #25 at p. 6, n. 2). Indeed, DA Willis, as the State of Texas's counsel of record in the criminal proceeding, is a proper party to seek remand of the criminal action. *See Gales v. State of La.*, No. CIV.A. CR 88-585, 1988 WL 135193, at *1 (E.D. La. Dec. 12, 1988) (where criminal

defendant removed criminal prosecution under §§ 1443 and 1446, "[t]he district attorney on behalf of the State filed a motion to remand the matter back to state court."). Furthermore, as already noted, the Court must examine its jurisdiction regardless of whether a motion to remand is pending. *Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-CV-643, 2010 WL 5644820, at *1 (E.D. Tex. Dec. 22, 2010), *report and recommendation adopted,* No. 1:10-CV-643, 2011 WL 251111 (E.D. Tex. Jan. 25, 2011); *Akins v. Liberty Cty., Texas*, No. 1:10-CV-328, 2010 WL 11552952, at *2 (E.D. Tex. Dec. 13, 2010). Robinson's objection is overruled.

### *Section 1443 Removal*

Robinson also raises various objections to the Report and Recommendation's findings under § 1443 as they relate to Robinson's state court criminal prosecution and divorce proceedings, including:

- Section 1443 removals are unique in *never* being based upon any question of "original federal subject matter jurisdiction within the original state complaint" but instead are established jurisdiction for federal forums to raise and bring facial challenge to the very existence of the state court case due to unconstitutional statutes (Dkt. #28 at p. 7) (emphasis in original).

- [The Magistrate Judge] has clearly decided to willfully and fraudulently reuse again the very same wholly inapplicable case of *Louisiana v. Wells*, which was a *pro se* litigant who used Section 1441 to attempt removal and did not also include the proper direct facial constitutional challenges (Dkt. #28 at p. 3) (emphasis omitted).

- The "racial inequality" litmus test often used by federal courts to arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional (Dkt. #28 at p. 11) (emphasis omitted).

- [T]he [unlawful] deprivation of a natural parent's child custody by state court action DOES effect a cognizable injury within the federal courts, i.e., within this Court, *and so on that ground alone*, this Petitioner has already "well pled" a cognizable action herein (Dkt. #28 a p. 7) (emphasis in original).

- Clearly also, abstention doctrines do not apply whatsoever to actions filed upon clear and unambiguous statutory language directly and expressly authorizing state case intervention (Dkt. #28 at p. 11) (emphasis omitted).

Robinson removed this case pursuant to the civil rights removal statute, 28 U.S.C § 1443, which authorizes the removal of a civil rights action pending in state court. Specifically, § 1443 allows removal of any pending civil actions:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[2]

Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Because the record does not establish that Robinson is a federal officer or agent, Robinson's right to removal must fall under § 1443(1).

Under 28 U.S.C. § 1443(1), the removing party must satisfy a two-pronged test to remove an action: (1) the removing party must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality" *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); and (2) the removing party must prove he has been "denied or cannot enforce" the specific civil rights in state court. *Id.* at 794.

---

[2] Robinson argues, without any supporting authority, that § 1443 "creates a new cause of action, which is a new *federal* cause of action of direct constitutional challenge against state statutes" (Dkt. #28 at p. 7) (emphasis in original). Robinson is mistaken; § 1443 is not a freestanding cause of action, but rather a vehicle for the removal of civil actions from state court. *See* 28 U.S.C. § 1443.

*"Racial Inequality"*

Robinson argues that *Rachel*, which he refers to as the "'racial inequality' litmus test [,]. . . is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional." (Dkt. #28 at p. 11) (emphasis omitted). The Court has already considered this argument in a similar case, *Parris v. Parris*, No. 4:17-CV-504, 2017 WL 5184567 (E.D. Tex. Nov. 9, 2017):

> Defendant asserts the "'racial inequality' litmus test often used by federal courts to arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional." Recently, the Fifth Circuit considered a litigant's appeal of the district court's order remanding his criminal case to state court pursuant to § 1443(1). *Kruebbe v. Beevers*, No. 16-30469, 692 F. App'x 173, 174 (5th Cir. 2017). In deciding to remand Kruebbe's criminal case, the district court found that the Supreme Court in *Rachel* held "the phrase 'any law providing for. . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 175 (quoting *Rachel*, 384 U.S. at 792). Kruebbe argued the district court erred in remanding his case because the Supreme Court's decision in *Rachel* was reversed by *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979). *Id.* Considering this argument, the Fifth Circuit held that *Chapman* involved the interpretation of a different statute, 28 U.S.C. § 1343, and therefore, did not overturn *Rachel*. *Id.* at 175–76. "On the contrary, *Chapman* reiterated *Rachel*'s holding, explaining that § 1443 'was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment' and was therefore 'limited to racially based claims of inequality.'" *Id.* at 175 (quoting *Chapman*, 441 U.S. at 622) ("When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.") (internal quotations omitted). Ultimately, the Fifth Circuit held that "[i]n requesting his case be removed to federal court, 'Kruebbe did not allege that he was denied or unable to enforce rights under any law providing for equal civil rights stated in terms of racial equality. Therefore, § 1443(1) did not apply to his criminal prosecution.'" *Id.* at 175–76. Given the Fifth Circuit's recent precedent, the Magistrate Judge properly relied upon the *Rachel* two-prong test and the Supreme Court's holding that § 1443 is limited to racially based claims of inequality.

2017 WL 5184567, at *4. Robinson's objection is overruled. The Court will consider whether Robinson has satisfied the *Rachel* prongs.

As to the first prong, "broad assertions under the Equal Protection Clause. . .are insufficient to support a valid claim for removal under § 1443(1)" because racial equality rights do not include rights of general application. *Alabama v. Conley,* 245 F.3d 1292, 1295–96 (11th Cir. 2001). As to the second prong, the denial must be "manifest in a formal expression of state law," such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. *Id.* (citation and internal quotation omitted). The Court finds that Robinson has failed to satisfy either prong of the *Rachel* test regarding both his criminal prosecution and his divorce proceedings.

### *Divorce Proceedings*

Turning first to the removal of Robinson's divorce proceedings under § 1443, Robinson "has not demonstrated [that] his claims arise under a federal law 'providing for specific civil rights stated in terms of racial equality'" (Dkt. #25 at p. 10) (quoting *Rachel,* 384 U.S. at 792).

Robinson argues that removal of his divorce proceedings under § 1443 is proper because "the [unlawful] deprivation of a natural parent's child custody by state court action DOES effect a cognizable injury within the federal courts, i.e., within this Court, and *so on that ground alone*, this Petitioner has already 'well pled' a cognizable action herein." (Dkt. #28 a p. 7) (emphasis in original). Robinson's iteration of "broad constitutional claims [as alleged] do not satisfy the first prong of the *Rachel* test" (Dkt. #25 at p. 10).

Consider in *Evans v. State of Florida Department of Revenue Child Support Enforcement*, the court rejected the removing party's argument for §1443 removal that the state statutes utilized in the underlying state court proceeding were unconstitutional. 2010 WL 419399, at *1. Specifically, the court found this argument failed under the first prong of the removal test, stating:

> Although the right to due process arises under the Fourteenth Amendment, that constitutional right is not a specific civil right couched in terms of racial equality,

9

> rather, it is a broad constitutional guarantee of general application. Likewise, Evans' equal protection claim, that the DOR is treating him differently than similarly situated non-custodial parents, is not based upon racial inequality, but upon the broad constitutional guarantee of equal protection. Therefore, Evans' broad assertions that his due process and equal protection rights were violated do not provide a basis for removal under Section 1443.

*Id.* at *4. Similarly here, Robinson's "constitutional challenges" broadly assert alleged violations of Robinson's due process rights and equal protection rights due to unconstitutional state statutes or procedures employed in Robinson's underlying state court proceeding (*see* Dkt. #28 at p. 12). However, Robinson's claims are not based upon racial inequality. Because Robinson has failed to establish that his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality," Robinson's removal of his divorce proceeding fails to satisfy the first prong of the *Rachel* test.

Turning to the second prong, the Court concludes, as did the Magistrate Judge, that Robinson "has failed to show any Texas law or policy 'prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims,' in the state court proceedings" (Dkt. #25 at p. 10). *See also Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F. App'x 260 (5th Cir. 2015). In connection with this prong, Robinson objects to the Report and Recommendation's use of *Wells*, 2015 WL 1276713, because the case involved "a *pro se* litigant who used SECTION 1441 to attempt removal and did NOT also include the proper direct and facial constitutional challenges" (Dkt. #28 at p. 3) (emphasis in original). Robinson is mistaken. In *Wells*, the plaintiff did "not provide any grounds for this court's removal jurisdiction, and instead broadly reference[d] various removal statutes, 28 U.S.C. §§ 1441–1446." *Id.* at *4. The court found "[t]hrough process of elimination, [] that Mr. Wells [wa]s asserting removal pursuant to the civil rights removal statue [sic], 28 U.S.C. § 1443," and then analyzed the plaintiff's removal papers under § 1443. *Id.* Robinson's objection is overruled.

*Criminal Prosecution*

The same conclusion must be reached in regards to Robinson's removal of his criminal prosecution under § 1443. *See Mnuk v. Texas*, No. A-14-cv-1128-SS, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5, 2015), *report and recommendation adopted*, 2015 WL 4395376 (W.D. Tex. July 16, 2015); *Texas v. Kearns*, No. 5:14-CV-27-DAE, 2014 WL 258786, at *1–2 (W.D. Tex. Jan. 23, 2014); *Blakely*, 2017 WL 2069167, at *3. Robinson's removal of his criminal prosecution does not establish the requirements for § 1443(1) jurisdiction.

*Abstention Doctrines*

Robinson next objects that "abstention doctrines do not apply whatsoever to actions filed upon clear and unambiguous statutory language directly and expressly authorizing state case intervention" (Dkt. #28 at p. 11) (emphasis omitted). In *Huffaker*, the court remanded a case where the removal was premised under § 1443 on allegations that the removing party was denied equal protection and due process of law in his state divorce proceedings. 2009 WL 197806, at *1–2. Finding remand necessary, the *Huffaker* court noted that the "federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at *5 (quoting *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988)). Retaining jurisdiction on removal here would require the court to address the prior orders of the state court and address "divorce and alimony, child custody, . . .child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* Robinson's objection is overruled.

*Consumer Credit Protection Act and False Claims Act*

  Finally, Robinson objects that remand is inappropriate because he:

> ha[s] already well established perfectly indisputable claims under the federal Consumer Credit Protection Act, for compelling the state court to cease and desist any further attempts to collect legally non-existent "child support" debt in violation of law, as well as under the federal False Claims Act, due to DA Willis and others like him routinely using falsified state court records and attendant fraudulent liens of "child support" and those many numerous and presently ongoing criminal acts of making false claims for federal reimbursements wherein the natural parent's pre-existing and constitutionally-superior rights to their own flesh-and-blood children were never even alleged as forfeited under serious parental unfitness, let alone ever actually proven and adjudicated away under the clear and convincing evidentiary standard

(Dkt. #28 at p. 16). Robinson specifically alleges that:

> [t]he controlling law, 15 USC [§] 1673, is quite simple and unambiguously clear: the instant state court MAY NOT EVER have either initiated the instant criminal case against, nor fraudulently attempt within this federal court to argue otherwise, whatsoever, because the underlying state court related and "inextricably intertwined" civil case exceeded the maximum limits of federal law on more than one (1) occasion

(Dkt. #28 at pp. 8–9) (emphasis in original).

  Section 1673 of the CCPA does not contain a private right of action; instead, "§ 1673 is enforced by the Secretary of Labor" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 501–02 (S.D.N.Y. 2015) (quoting *Long Island Trust Co. v. U.S. Postal Serv.,* 647 F.2d 336, 341 (2d Cir. 1981)); *see also Hinton v. Supportkids, Inc.*, No. A-09-CA-284LY, 2009 WL 1650483, at *1 (W.D. Tex. June 11, 2009); *Snapp v. U.S. Postal Service–Texarkana Mgmt. Sectional Ctr.,* 664 F.2d 1329, 1331 n. 7 (5th Cir. 1982). Accordingly, Robinson may not bring any claims under § 1673; this objection is overruled.[3]

---

[3] Additionally, insofar as Robinson alleges that he has raised a claim under the federal False Claims Act, the Court finds that Robinson's allegations do not establish any such claim that would allow the Court to have federal question jurisdiction over this matter.

*Other Objections*

Robinson's filing includes various other nonsensical arguments and assertions, including that "the Magistrate's Report and Recommendation is so devoid of any authenticity or merit that it stands only as conclusive, black-and-white proof of manifest class discrimination against *pro se* litigants" (Dkt. #28 at p. 5), and a request that the Court strike:

> the same, and demanding that [the Magistrate Judge] be forthwith criminally and professionally charged with willful and knowing fraud upon the court, with willful and knowing obstruction of justice, gross derelictions of duties, also class discrimination, conspiracy to defraud the United States of America, and more

(Dkt. #28 at p. 1). The Court finds these allegations to be without merit. Robinson's objection is overruled.

## CONCLUSION

Having considered Robinson's objections (Dkt. #28), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge's report are correct and adopts the Magistrate Judge's report (Dkt. #25) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that District Attorney Greg Willis's Motion to Remand (Dkt. #17) is **GRANTED**. The Court hereby **REMANDS** Robinson's criminal action, styled *State of Texas v. Brian J. Robinson*, Cause No. 380-80427-2016, to the 380th Judicial District Court, Collin County, Texas. Further, the Court **REMANDS** Robinson's divorce proceeding to the 211th Judicial District Court, Denton County, Texas.

**IT IS SO ORDERED**.
SIGNED this 27th day of August, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

13